**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSEPH PEACOCK,

 Petitioner,

                Case No. 07-12215
                Hon. Lawrence P. Zatkoff

v.

JERI ANN SHERRY,

 Respondent.
_____/

## **ORDER**

This matter is before the Court on Petitioner's motion for reconsideration and motion to alter/amend judgment of the Court's denial of Petitioner's motion for relief from judgment [dkt 20]. In his motion, Petitioner challenges the Court's May 10, 2010, order, in which the Court denied Petitioner's motion for relief from judgment [dkt 19]. The Court finds that the facts and legal arguments are adequately presented in Petitioner's papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Petitioner's motion for reconsideration and motion to amend/alter judgment is DENIED.

On January 9, 2009, the Magistrate Judge issued a Report and Recommendation [dkt 11] on Petitioner's petition for writ of habeas corpus. Having received no objections to the Report and Recommendation during the appropriate time period, the Court entered an order adopting the Report and Recommendation [dkt 12] and an order of judgment [dkt 13] on February 17, 2009.

On June 5, 2009, Petitioner filed a motion for enlargement of time to file objections to the Report and Recommendation [dkt 14], explaining that he had not timely received a copy of the

Report and Recommendation because he had transferred facilities. The Court issued an order [dkt 17] on September 3, 2009, granting Petitioner's motion for enlargement, accepting Petitioner's objections to the Report and Recommendation, and considering, but ultimately rejecting, the objections. Petitioner then moved for relief from judgment of the Court's September 3, 2009, order on April 21, 2010 [dkt 18]. The Court denied this motion because it fell outside of the applicable 180 days to file such motion [dkt 19]. Petitioner filed the instant motion requesting relief from, or to alter or amend, the Court's May 10, 2010.

**I. Rule 60(b)(1) Motion**

Petitioner brings the current motion to reconsider the Court's May 10, 2010, order under Fed. R. Civ. P. 60(b)(1), which allows a court to relieve a party from a final judgment or order based on "mistake, inadvertence, surprise, or excusable neglect[.]" Excusable neglect is met only in extraordinary cases, *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989), but such determination includes the length and reasons for the delay. *Burrell v. Hendreson*, 434 F.3d 826, 831 (6th Cir. 2006). Error based on ignorance of the rules or misconstruing the rules does not rise to the level of excusable neglect, even if premised on the advice of legal counsel. *Pioneer Inv. Servs. Co v. Brunsiwck Assocs. Ltd.*, 507 U.S. 380, 392 (1993); *FHC Equities, L.L.C. v. MBL Life Assur. Corp.*, 188 F.3d 678, 685-86 (6th Cir. 1999). .

Petitioner contends that the Court erred in denying Petitioner's motion for relief from judgment because the Court's finding that Petitioner is outside the 180 day time frame set forth in Fed. R. App. P. 4(B) was incorrect, and that his failure to timely file pleadings with the Court was caused by an incompetent prison paralegal, thus the result of excusable neglect.

The Court's prior issued order denied Petitioner's requested relief, rejecting Petitioner's

2

assertion that his failure to timely file a notice of appeal was excusable neglect and that his conduct was not culpable. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (mistakes by those who proceed without counsel are not necessarily excusable). Petitioner's instant motion echoes his earlier motion by asserting expressly his failure to meet the time deadlines was the result of excusable neglect. Only now, the Petitioner includes the assertion that such untimeliness was in part because of a incompetent prison paralegal. Petitioner's failure to meet the time lines prescribed by the law, even if advised by a prison paralegal, does not rise to the level of excusable neglect. *See FHC Equities*, 188 F.3d at 685-86 (noting excusable neglect is not met when the error of law is based on advice of legal counsel).

Therefore, the Court finds that Petitioner's motion for relief from judgment is denied because Petitioner fails to identify any mistake, inadvertence, surprise or excusable neglect related to this matter.

## II. Rule 59(e) Motion

Petitioner also brings the current motion under Fed. R. Civ. P. 59(e), which allows a court to alter or amend a judgment if such motion is filed "no later than 28 days after the entry of judgment." A court may grant relief pursuant to Rule 59(e) only where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

In Petitioner's current motion, he asserts the same arguments for relief as stated in his motion for relief from judgment. Petitioner contends that the Court erred in denying Petitioner's motion for relief from judgment because the Court's finding that Petitioner is outside the 180 day time frame

set forth in Fed. R. App. P. 4(B) was incorrect, and that his failure to timely file pleadings with the Court was caused by an incompetent prison paralegal, thus the result of excusable neglect.

The Court finds Petitioner's motion to amend or alter the Court's May 10, 2010, order is denied. This Court's order denying Petitioner's motion for relief from judgment was filed May 10, 2010. Petitioner's instant motion to amend or reconsider that motion was filed on June 1, 2010, which is within the 28 days allowed by Fed. R. Civ. P. 59(e). The circumstances, however, remained unchanged that Petitioner's initial motion was outside the 180 days, which is the maximum amount of time in which to reopen the time for filing an appeal. Petitioner has not pointed out to the Court a clear error of law or a change in the controlling law whereby the Court's application of the timelines delineated in Fed. R. App. P. 4 are incorrect. As indicated in this Court's May 10, 2010, order more than 180 days passed between the September 3, 2009, entry of judgment and the filing of Petitioner's April 21, 2010, motion. Fed. R. App. P. 4(a)(6)(A)-(C). Therefore, the Court finds Petitioner's arguments do not show a basis for relief because of an error or change in the current law or a need to prevent manifest injustice.

## III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for relief from judgment and motion to amend or alter the Court's order denying motion for relief from judgment [dkt 20] is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: October 6, 2010

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 6, 2010.

                                         s/Marie E. Verlinde
                                         Case Manager
                                         (810) 984-3290